## UNITED STATES v. THE F. V. HILL.

### No. 133–Adm–T.

District Court, S. D. Florida,
Tampa Division.

Dec. 5, 1947.

Herbert S. Phillips, U. S. Atty., of Tampa, Fla., for the United States.

D. Newcomb Barco, Jr., of Tampa, Fla., for claimants.

AKERMAN, District Judge.

#### Findings of Fact

1. The foregoing cause came on to be heard before the Court upon libel and answer thereto on the 26th day of November, 1947, at Tampa, Florida. The Court heard the testimony of the witnesses produced by the United States, Libelant, and those produced by C. O. McCoy and

A. E. Henning as owners of said Motor Vessel F. V. Hill.

2. The testimony of the Government's witnesses showed that said motor vessel arrived in the United States at the Port of Tampa, Florida, about 7:00 o'clock A. M., on September 2, 1947, from Georgetown, Grand Cayman, via Cozumel, Mexico, and that it had on board upon its arrival at the port of Tampa, Florida, eight aliens listed on its manifest as being bona fide members of its regular crew and as such being employed on said vessel, and that the names of said persons so listed were as follows:

William Alison Ebanks
Elmherst DaCosta West
Martin Antoney Ebanks
Charles William Parchment
Robert Alexander Hamilton
George Ewert Ebanks
Charles Emerson Powery
Hugh Aston Robertson

3. The following named aliens, to-wit William Alison Ebanks, Elmherst DaCosta West, Martin Antoney Ebanks, Charles William Parchment, Robert Alexander Hamilton, George Ewert Ebanks, and Hugh Aston Robertson, testified that they were passengers on said vessel and not members of the crew thereof, and that they had paid the master of said vessel, namely, Joseph Anglin, amounts ranging from $35 to $53 for their passage as passengers on said vessel to the United States. The alien, Charles Emerson Powery, listed on said manifest was not present before the Court to testify. All of said aliens except William Alison Ebanks and George Ewert Ebanks, testified that they paid for their transportation not only to Tampa but for their return in the event they should not be permitted to land at Tampa by the Immigration authorities. The said William Alison Ebanks and George Ewert Ebanks testified that they each paid $35 for straight fare to Tampa. It was agreed by and between the master of said vessel and those who paid for their return passage that, in the event they should be permitted to land at Tampa by the Immigration authorities, there would

be returned to each of them the sum of $16. All of said witnesses testified that they paid the money for their transportation to the United States to Joseph Anglin, the master of said vessel. Some of the witnesses testified that they contacted A. E. Henning who claimed to be the owner of the vessel, and he referred them to the master, Joseph Anglin, and that all moneys for passage on said vessel were paid by them to the master of said vessel.

4. The master of said vessel signed and swore to the said crew list as follows:

"I, Joseph Anglin, Master of the M. V. Hill, do declare that the foregoing is a full and true list of all the crew brought in said vessel from any port or place during her present voyage. I have noted the copy of section 36 of the Act of February 5, 1917 [8 U.S.C.A. § 171], extract from Title 8, Code of Federal Regulations, and copy of sections 19 and 20, Act of May 26, 1924 [8 U.S.C.A. §§ 166, 167], which appear below,"

which said affidavit or oath to said crew list was made by said master before Jesse D. Edwards, Jr., Acting Immigrant Inspector, on September 2, 1947, at Tampa, Florida.

5. Said vessel was a small boat about eighty feet in length and sixty gross tons and used almost exclusively for sea turtle fishing. The defenses sought to be made by the alleged owners of said vessel were that the master of the vessel was ignorant of the law and that he had understood that the practice followed by him in bringing the eight aliens to the United States in the vessel F. V. Hill was customary. No denial of material facts was made by witnesses for the Libelee or owners of the vessel.

The Court further finds that the said vessel arrived in the United States, to-wit, Tampa, Florida, from a foreign port, to-wit, Georgetown, Grand Cayman, having on board eight persons who were falsely registered on the manifest as bona fide members of the crew of said vessel, and that the said master falsely and knowingly represented to the Immigration authorities at the port of Tampa, Florida, upon arrival

of said vessel into the United States that said eight passengers were bona fide members of the crew of said vessel.

### Conclusions of Law

1. The Court holds that it has jurisdiction of said cause and of the subject matter thereof.

2. That all of the material allegations of the libel have been established by an abundance of testimony.

3. That the defenses of ignorance and custom offered by the owners of said vessel constitute no defense to the libel in said cause.

4. That the said Joseph Anglin, Master of said vessel, and A. E. Henning, part owner of said vessel, are liable jointly and severally to a penalty of $5,000 because of the bringing into the United States of the eight aliens named on the manifest as bona fide members of the crew of said vessel when in truth and in fact, as the master of said vessel and the owner, A. E. Henning, well knew, they were not members of the crew of said vessel.

The Court further concludes as a matter of law that under and by virtue of the provisions of Section 165, Title 8 United States Code Annotated and the evidence, the said Motor. Vessel F. V. Hill is liable for said penalty of $5,000, and that the libel proceedings against said vessel were in accordance with the provisions of said Section 165, Title 8 U.S.C.A.

### Judgment

It is, therefore, upon consideration thereof, ordered and decreed that the said Joseph Anglin, Master of said vessel, and A. E. Henning, part owner of said vessel, be and they are hereby held to be jointly and severally liable to the United States in the sum of $5,000 as a penalty incurred by them by reason of the violation of the provisions of said Section 165 of Title 8 of U.S.C.A., together with all costs and charges that have accrued in connection with the seizure and storage of said vessel, including court costs.

It is further ordered and decreed that the said penalty in the sum of $5,000 is hereby declared to be a lien upon said vessel, F. V. Hill, and that said vessel, her tackle, apparel, furniture, papers, engines, fixtures, and appurtenances thereunto belonging, be and the same are hereby forfeited to the United States.

It is further ordered and decreed that should the said master and owners of said vessel pay into the registry of this Court within 20 days from the date hereof the said sum of $5,000 together with all court costs and all costs of seizure and storage and custody of said vessel that have accrued in connection therewith, then said vessel shall be returned to said owners by the Marshal of this District.

It is further ordered and decreed that in the event the said penalty of $5,000 is not paid by the said master and owners of said vessel, together with all court costs and all costs of seizure, storage and custody of said vessel that have accrued in connection therewith, within 20 days from the date hereof, the said vessel, her tackle, apparel, furniture, papers, engines, fixtures, and appurtenances thereunto belonging, shall be sold by the Marshal of this District or his authorized deputy at public auction to the highest and best bidder for cash before the west door of the Post Office Building at Tampa, Florida at 12:00 o'clock, Noon, after having given notice that said vessel will be sold to the highest and best bidder for cash and that said sale shall be made at the west door of the Post Office Building at Tampa, Florida, at 12:00 o'clock, Noon, on the day fixed in the notice of sale by the Marshal or his authorized deputy.

And it is further ordered and decreed that in the event the vessel is sold by the Marshal, report of the sale shall be made to the Court for confirmation, and that the proceeds of the sale be paid into the registry of this Court to abide the further order of the Court.